ON REMAND
SUMMERS, Chief Justice.
On remand in these proceedings a hearing was held in the trial court pursuant to this Court’s order, at which time Rebecca Ates, a juvenile, was called as a witness by the defendant. According to her testimony, when defendant called her as a witness at the trial the judge appointed counsel to represent and consult with her. Thereupon, appointed counsel discussed with Rebecca whether she should testify, and informed her of her rights against self-incrimination. Appointed counsel then claimed the Fifth Amendment right against self-incrimination on her behalf and she was not compelled to testify.
As the per curiam opinion in this case sets forth, defendant contended that the privilege against self-incrimination was personal to Rebecca, and that the trial judge erred in allowing her attorney to claim it for her.
Before considering the merits of the contention we remanded the case to the District Court for a hearing and determination of whether Rebecca, at the time of trial, would have claimed for herself the privilege against self-incrimination.
When, at the hearing on remand, on October 10, 1978, Rebecca was called to testify, she was interrogated by counsel for the defendant. She then acknowledged that she had been summoned as a witness at Lawson’s trial in March of 1977 and was called by the defendant to testify. She also stated that she wanted to testify in the case and would have done so if she had taken *296 the stand. After this brief examination defense counsel tendered the witness.
On cross-examination by the State’s attorney Rebecca acknowledged the fact that counsel had been appointed to represent her at the trial and that she had conferred with him on the question of whether she would testify. After conferring with him, she said, she decided to take counsel’s advice against taking the stand and testifying, although she did in fact want to testify. But despite her desire to testify, she instructed her appointed counsel to do what he thought best, letting him make the decision for her.
Upon further interrogation, however, when she was asked what she would have answered if the judge had asked her at the trial whether she wanted to plead the Fifth Amendment, she replied that she would have answered no and that she did not want to take the Fifth Amendment. Immediately after this testimony she again asserted that she had instructed her appointed counsel to do whatever he thought was best and that she did not argue with him about the decision to claim the Fifth Amendment right against self-incrimination.
We are satisfied that this latter testimony on remand is, although vacillating, a recantation of Rebecca’s position at the time of trial, notwithstanding the fact that all proper precautions were taken at the trial to protect her right against self-incrimination. As a defense witness, this change in the attitude she expressed at the trial nineteen months before may well be influenced by her desire to obtain a new trial for the defendant. The credibility of a witness who adopts such an extreme departure from her position at trial is suspect, when not satisfactorily explained.
Where a juvenile is involved, the better view is to appoint counsel, as was done here, and permit the witness’ counsel to assert the privilege against self-incrimination on behalf of the witness after consultation and with the permission of the witness. The alternative would be to permit the juvenile to testify knowingly, or through ignorance, without benefit of counsel and incriminate herself, hardly a suitable choice. We seriously question whether juveniles in all cases are sufficiently informed in the law to decide whether their testimony is incriminating.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., dissents.
BLANCHE, J., not participating.